**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

JAMES LEE VANN, JR.,

Plaintiff,

v.

CHIAPPA FIREARMS USA, LTD., OLIN WINCHESTER, LLC, and FICTITIOUS DEFENDANTS 1-4, those persons, corporations, partnerships or entities who were responsible for the design, manufacturing, testing, marketing, selling, and/or distribution of the product which caused injuries to the Plaintiff and/or whose acts caused or contributed to the damages sustained by the Plaintiff, whose identities are unknown to the Plaintiff, but which will be substituted by amendment when ascertained,

Defendants.

Case No.:

*Demand for a Jury Trial*

**NOTICE OF REMOVAL AND DEMAND FOR A JURY TRIAL**

**PLEASE TAKE NOTICE** that Defendant Chiappa Firearms USA, Ltd. ("Chiappa" or "Defendant"), by and through its undersigned counsel, submits this Notice of Removal of the above-entitled action from the Superior Court of Lowndes County, Georgia, to the United States District Court for the Middle District of Georgia, Valdosta Division. By this petition, Defendant gives notice of the removal of this action. This notice of, and petition for, removal is made pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and is proper and appropriate based upon the following:

## I. INTRODUCTION.

1. Defendant desires to exercise its right under the provisions of 28 U.S.C. §§ 1441, *et seq.*, to remove this case from the Superior Court of Lowndes County, Georgia,

where the action is pending under the case style of Vann, Jr. v. Chiappa Firearms USA, Ltd., et al., Case No. 2025CV0857 (the "Complaint").

2. Specifically, U.S.C. § 1441 provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

3. This lawsuit purportedly arises from a firearm incident on May 18, 2023 ("the Subject Incident"), which resulted in injuries to Plaintiff James Lee Vann, Jr. ("Mr. Vann" or "Plaintiff"). (Ex. A, Plt. Compl., ¶ 2.)

4. Plaintiff initially filed this action in the Superior Court of Lowndes County, Georgia on May 8, 2025 naming the following defendants: Chiappa Firearms USA, Ltd. and Olin Winchester, LLC ("Winchester"). (See Ex. A, Plt. Compl.)

5. Plaintiff claims to have purchased a firearm ("the Subject Firearm") manufactured or designed by Chiappa. (Id. at ¶ 12.)

6. Plaintiff was allegedly target shooting with the Subject Firearm during the Subject Incident when the ammunition, which was allegedly manufactured by Winchester, failed, blowing the magazine out of the Subject Firearm and causing components of the ammunition to strike the right eye and face of Mr. Vann. (Id. at ¶¶ 15, 19-20.)

7. Plaintiff claims to have sustained injuries to his eye and face, which resulted in immediate medical treatment both at South Georgia Medical Center and Shands Hospital at the University of Florida, resulting in "pain and suffering, as well as blurred

vision which has severely affected and continues to affect, the quality if his personal and professional life." (Id. at ¶¶ 20-23.)

8. Plaintiff brings claims for product liability under O.C.G.A. § 51-1-11, negligence, breach of warranty, violation of the Magnuson-Moss Warranty Act, failure to warn, fraud, and negligent misrepresentation against Chiappa and Winchester. (Id. at Counts I - XV.) Plaintiff seeks compensatory and punitive damages for Plaintiff's "severe and permanent bodily injuries and damages" including damages for medical treatment for "numerous possible hospitalizations, surgeries, radiology studies, doctors' visits, nurses visits, laboratory studies and medications" as well as lost wages and "severe physical and mental pain and suffering, temporary and permanent disability, mental anguish, anxiety and a diminished enjoyment of life as existed prior to the Incident." (Id. at ¶¶ 216-220.)

9. This action has not been tried.

10. Defendant Chiappa voluntarily appears in this action for purposes of removal only and reserves all objections, motions, arguments, and defenses, whether contractual or otherwise, to Plaintiffs' Complaint. Thus, this Notice of Removal is filed subject to, and with, a reservation of rights by Defendant, including, but not limited to, defenses and objections to venue, personal jurisdiction, choice of law, and any other defenses Defendant might have available. A responsive pleading or motion will be filed in accordance with Rule 81(c)(2) of the Federal Rules of Civil Procedure ("Rule").

11. Copies of the Summons and Complaint along with all documents filed in the state court action are collectively attached hereto. (See Ex. B, State Court Docket Materials.) Accordingly, copies of all relevant proceedings, pleadings, and orders served have been attached to this Notice of Removal.

## II. NOTICE OF REMOVAL IS TIMELY.

12. This Notice of Removal is timely filed in accordance with the requirements of 28 U.S.C. § 1446(b) and Rule 12. Specifically, Defendant was served with the Complaint on May 28, 2025 through its registered agent, SS&D S.A., Inc. Therefore, removal of this matter is timely filed within thirty days of service of the Complaint.

## III. ORIGINAL JURISDICTION EXISTS BECAUSE PLAINTIFF AND DEFENDANTS CHIAPPA AND OLIN ARE DIVERSE.

13. Removal is authorized by 28 U.S.C. § 1441 and is based on the United States District Court's original jurisdiction of the case pursuant to 28 U.S.C. § 1332 because (a) there is diversity of citizenship between Plaintiff and Defendants Chiappa and Olin, and (b) the amount in controversy exceeds $75,000.

### A. Plaintiff and Defendants are Diverse.

For purposes of diversity jurisdiction, "[n]atural persons are citizens of the state where they are domiciled." Pierson v. Rogow, 669 F. App'x 550, 551 (11th Cir. 2016) (citing McCormick v. Aderholt, 293 F.3d 1254, 1257–58 (11th Cir. 2002). The Eleventh Circuit has held that "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). A corporation is a citizen of its state of incorporation as well as the state of its principal place of business. 28 U.S.C. § 1332(c)(1). Based on these foregoing standards, the parties in this case are diverse.

14. As alleged in the Complaint, Plaintiff is a citizen of, and domiciled in, the State of Georgia. (Ex. A, Plt. Compl., ¶ 4.)

15. At the time of the commencement of this action, and at all times thereafter, Defendant Chiappa has been and is an Ohio Ltd. or limited liability company with its corporate headquarters—and thus its principal place of business—in Dayton, Ohio. (Ex.

C, Chiappa Business Entity Details.) The sole member of Chiappa Firearms USA, Ltd. is, and has been, ERRESSE Srl., which is an Italian Società a Responsabilità Limitata or limited liability company, which is owned by Rino Chiappa and Silvia Chiappa, two Italian Citizens. ERRESSE Srl. is located in Brescia, Italy. Accordingly, Chiappa is a foreign citizen. (Ex. C, Chiappa Business Entity Details.)

16. At the time of the commencement of this action, and at all times thereafter, Defendant Olin Winchester, LLC has been, and is, a Delaware limited liability company with its corporate headquarters—and thus its principal place of business—in Missouri. (Ex. D, Winchester Business Entity Details.) Olin Winchester, LLC is a subsidiary of Olin Corporation. Therefore, the sole member of Olin Winchester is Olin Corporation, a publicly traded corporation incorporated in Virginia with a principal place of business Clayton, Missouri. (Id.)

17. The citizenship of "Fictitious Defendants (1-4)" must be disregarded for purposes of determining diversity jurisdiction. 28 U.S.C. § 1441(b).

18. Based on the foregoing, complete diversity of citizenship exists between Plaintiff (Georgia) and Defendants Chiappa (Ohio, Italy) and Olin Winchester, LLC (Delaware, Missouri, Virginia).

**B. The Amount in Controversy Exceeds $75,000.**

19. The amount in controversy is satisfied when "the jurisdictional amount is either stated clearly on the face of the documents before the Court, or readily deducible from them." Lowery v. Ala. Power Co., 483 F.3d 1184, 1211 (11th Cir. 2007), cert. denied, 553 U.S. 1080 (2008). This matter is a products liability action for a firearms misfiring which seeks damages for "severe and permanent bodily injuries and damages", including special damages for the medical treatment of his-above mentioned injuries, including, but

not limited to, numerous possible hospitalizations, surgeries, radiology studies, doctors' visits, nurses' visits, laboratory studies, and medications, lost wages (past and future), severe physical and mental pain and suffering, temporary and permanent disability, mental anguish, anxiety and a diminished enjoyment of life. (Ex. A, Compl., ¶¶ 217-220.)

20. The Complaint asserts Plaintiff was allegedly target shooting when the Subject Firearm or the ammunition failed, causing components of the ammunition to strike the right eye and face of Mr. Vann. (Id. ¶¶ 19-20.)

21. Based on the facts alleged, it is facially apparent that the amount in controversy has been met in this case.

22. "To ascertain whether an action meets the amount-in-controversy jurisdictional requirement, the Court may "make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings" and should use "judicial experience and common sense," rather than "suspend reality." Premusca v. DKC Transp., LLC, No. 5:22-CV-00006-TES, 2022 WL 252177, at *1 (M.D. Ga. Jan. 26, 2022) (quoting Roe v. Michelin N. Am., Inc., 613 F3d 1058, 1061–62 (11th Cir. 2010)); see also Parker v. Wal-Mart Stores E. LP, No. 5:18-CV-00440-TES, 2019 WL 413560, at *1 (M.D. Ga. Feb. 1, 2019); see also Cornelius v. Damyan, No. 5:22-CV-00017-TES, 2022 WL 738738, at *2 (M.D. Ga. Mar. 11, 2022) (reasoning that in addition to compensatory damages, the Court may consider special damages and potential punitive damages in its calculations of the amount in controversy.)

23. Courts allow removal "…when the facts of the cases are so similar that the values of the claims are likely to be comparable." Buescher v. Falcon Mezzanine Partners, LP, No. 7:07-CV-89 (HL), 2008 WL 2130155, at *3 (M.D. Ga. May 20, 2008) (reciting Lowery v. Alabama Power Co., 483 F.3d 1184, 1221 (11th Cir. 2007).

24. Here, based on the face of the Complaint, the facts referenced and other verdicts with very similar facts and injuries to the instant case, it is apparent that the amount in controversy exceeds $75,000.

25. Initially, based on pre-suit communications between counsel, and supported by the allegations in the Complaint, Plaintiff sustained eye, vision and facial injuries in the Incident. Plaintiff specifically claims extensive medical treatment, including "hospitalizations, surgeries, radiology studies, doctors' visits, nurses visits, laboratory studies and medications." (Ex. A, Plt. Compl. at ¶¶ 20-23 and 216-220.) Plaintiff further claims "severe and permanent bodily injuries and damages" including lost past and future wages and "severe physical and mental pain and suffering, temporary and permanent disability, mental anguish, anxiety and a diminished enjoyment of life as existed prior to the Incident." (Id.)

26. Moreover, Plaintiff seeks compensatory and punitive damages related to the incident and his injuries. (Id. at Prayers for Relief.) The extent of the claimed injuries and losses, as well as the claim for punitive damages lead to reasonable deductions and extrapolations that the amount in controversy is met here. "An award for punitive damages is properly counted as part of the amount in controversy…". Southern Ins. Co. of Virginia v. Karrer, No. 3:10–CV–84, 2011 WL 1100030, at *4 (M.D. Ga. Mar. 22, 2011).

27. Further, verdicts from similar recent cases further support the amount in controversy being surpassed for this claim. See e.g., Chronister v. Bryco Arms, JVR No. 182813, 1996 WL 567969 (E.D. Mo 1996) ($315,000 verdict award for injured plaintiff who sustained hearing loss when the ammunition cartridge burst and causing hearing loss.); Berardi, Pro AMI v. Dah Yang Indus. Co., Ltd. JVR No. 78555, 1991 WL 453347 (E.D.N.Y.) ($3,018,091 verdict for a three-year-old male who similarly sustained a

laceration of the cornea of the right eye, resulting in vision issues; sharp pain in the eye; lack of depth perception and peripheral vision; and anxiety when injured by a toy dart gun.); Migalia v. Sigma Phi Epsilon, JVR No. 180631, 1996 WL 436159 (Superior Court of Fulton County 1996) ($825,000 award for plaintiff who suffered blindness in one eye after being struck with a bullet from a BB gun.)

28. Here, in light of the injuries claimed, very similar damages suffered, medical expenses incurred, and the severity of Plaintiff's claimed injuries, this Court in its judicial discretion may reasonably conclude the amount in controversy more likely than not exceeds the $75,000 threshold.

## IV. RULE OF UNANIMITY IS MET.

30. In order to remove a case to Federal Court, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Here, Winchester has consented in removal. (Ex. E, Winchester Consent.)

## V. REMOVAL TO THIS DISTRICT IS PROPER.

31. Pursuant to 28 U.S.C. § 1441, the right exists to remove this case from the from the Superior Court of Lowndes County, Georgia, to the United States District Court for the Middle District of Georgia, Valdosta Division which embraces the place where the action is pending.

## VI. CONCLUSION.

32. Pursuant to 28 U.S.C. § 1446, a copy of this Notice of Removal is being filed with the Superior Court of Lowndes County, Georgia, as required by law, and a copy of this Notice of Removal is being served on the Plaintiff and Winchester.

33. Defendant reserves the right to amend or supplement this Notice of Removal, and Defendant reserves all defenses.

34. Defendant requests a trial by jury.

**WHEREFORE**, Defendant prays that this case be removed from the Superior Court of Lowndes County, Georgia, to this Court for the exercise of jurisdiction over this action as though this case had been originally instituted in this Court and that no further proceedings be had in the Superior Court of Lowndes County, Georgia.

Dated: June 26, 2025

Respectfully submitted,

By: /s/ *John F. Weeks IV*
John F. Weeks IV
Georgia Bar No. 335528
**SMITH, GAMBRELL & RUSSELL, LLP**
1105 W. Peachtree St. NE, Suite 1000
Atlanta, GA 30309
Telephone: (404) 815-3746
Facsimile: (404) 685-7046
jweeks@sgrlaw.com

and

Ryan L. Erdreich, Esq.
(Pro Hac Vice To be Sought)
**PISCIOTTI LALLIS ERDREICH**
2054 Vista Parkway, Suite 400
West Palm Beach, FL 33411
Telephone: (561) 666-7030
Facsimile: (973) 245-8101
rerdreich@pisciotti.com
ATTORNEYS FOR DEFENDANT
CHIAPPA FIREARMS USA, LTD.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 26th day of June 2025, the foregoing was filed with the Clerk of Court via the CM/ECF System and served a copy of the foregoing via e-mail and U.S. mail to the following:

Saleem (Sam) Dennis, Esq.
Sam Dennis, P.C.
1107 N. Patterson Street
Valdosta, GA 31601
Sam@samdennislaw.com
Tara@samdennislaw.com
*Attorneys for Plaintiff*

Brian Jarrard, Esq.
John Makowski, Esq.
Jarrard Law Group, LLC
4108 Arkwright Road, Suite 2
Macon, GA 31210
brian@jarrardlawgroup.com
john@jmaklaw.com
*Attorneys for Plaintiff*

Olin Winchester, LLC
c/o CT Corporation System, Inc.
289 S. Culver Street
Lawrenceville, GA 30046

By: *<u>/s/ John F. Weeks IV</u>*
John F. Weeks IV



SGR/80486666.1