UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JAMES LEE VANN, JR., <br><br> Plaintiff, <br><br> v. <br><br> CHIAPPA FIREARMS USA, LTD., OLIN WINCHESTER, LLC, and FICTITIOUS DEFENDANTS 1-4, those persons, corporations, partnerships or entities who were responsible for the design, manufacturing, testing, marketing, selling, and/or distribution of the product which caused injuries to the Plaintiff and/or whose acts caused or contributed to the damages sustained by the Plaintiff, whose identities are unknown to the Plaintiff, but which will be substituted by amendment when ascertained, <br><br> Defendants. | Case No.: 7:25-cv-00079-WLS |

**STIPULATED PROTECTIVE ORDER FOR EXCHANGE OF
<u>CONFIDENTIAL INFORMATION AND DOCUMENTS</u>**

Plaintiff, James Lee Vann, Jr. ("Plaintiff"), and Defendants, Chiappa Firearms USA, Ltd. and Olin Winchester, LLC (collectively, "Defendants") (Plaintiff and Defendants collectively are the "Parties"), by and through their undersigned counsel, hereby STIPULATE AND AGREE as follows: To protect the legitimate interests of the Parties in maintaining the confidentiality of certain information and to protect the legitimate public right to access court proceedings, the Parties jointly submit this Stipulated Protective Order (the "Order") to the Court pursuant to Federal Rule of Civil Procedure 26(c). This Order shall be permanently binding and enforceable against the Parties, their officers, agents, servants, employees, attorneys, and all legal or equitable

1

successors, and all other persons in active concert or participation with any of them who receive actual notice hereof.

**IT IS HEREBY STIPULATED AND AGREED** that any and all documents produced or to be produced by any party to this action pursuant to any Subpoena, Interrogatory, Request for Production of Documents, Request for Admission, and/or Deposition Notice served by any other party, or testimony by way of deposition, interrogatory or at trial or hearing, that contains confidential, trade secret or other proprietary information shall be subject to this Order. These documents and testimony are subject to being designated as "Protected Documents" and "Protected Testimony" as hereinafter defined, and, if so designated, are to be maintained in a confidential manner under the procedures as hereinafter set forth:

1. The term "Protected Document" as used herein shall mean any document (including, but not limited to, all excerpts, digests, summaries or indices thereof) produced during discovery and designated at the time of production as a "Protected Document." Designating any such document as a "Protected Document" must be made in good faith and for good cause. A "Protected Document" shall continue to be a "Protected Document" until such time as the producer of such document expressly agrees in writing that the document is no longer considered to be a "Protected Document" or there is a finding by this Court that the document is not the proper subject of protection.

2. The term "Protected Testimony" as used herein shall mean any testimony given by way of deposition, interrogatory or at trial of this action (including, but not limited to, all excerpts, digests, summaries or indices thereof) that is designated within the later of 30 days of the time the testimony is given and/or the transcript is received. Designating any such testimony as "Protected Testimony" must be made in good faith and for good cause. "Protected Testimony" shall continue

to be "Protected Testimony" until such time as the testifying party expressly agrees in writing that the testimony is no longer considered to be "Protected Testimony" or there is a finding by this Court that the testimony is not the proper subject of protection.

3. The documents designated and produced as "Protected Documents" and testimony designated as "Protected Testimony" shall be given confidential treatment as described below.

4. Without further order of this Court, requesting or receiving parties may disclose the contents of "Protected Documents" and "Protected Testimony" **only** to the following persons ("Qualified Persons"):

   a. Counsel of record in this action for requesting or receiving party;

   b. Regular employees of such counsel assigned to and necessary to assist such counsel in the preparation or trial of this action;

   c. Deponents and experts retained in this matter but **only for use in this matter**, and subject to all of the terms and conditions of this Order;

   d. Parties to this matter but **only on a need-to-know basis to the extent necessary for the defense or prosecution of this case,** and subject to all of the terms and conditions of this Order and provided that no disclosure shall be made to any person employed by any competitor of the party producing the "Protected Document" or giving "Protected Testimony" except upon further order of this Court;

   e. A court reporter or other such staff but only to the extent of transcribing "Protected Testimony" and/or copying "Protected Documents" for placement into sealed container(s) accompanying and/or attached to such deposition transcripts;

   f. Insurance adjusters and any personal counsel or in-house counsel for any Party; and

   g. The Court and its personnel and any jury empanelled in this action.

3

5. In the event that any person, expert or witness in this action or other "Qualified Person" is not willing to agree to be bound by this Order, the party seeking confidentiality may move the Court for an order compelling the person to comply with this Order within thirty (30) days of written notification that the person is unwilling to be bound. This provision is without waiver to any party's right to move the Court for a ruling on whether it may use material designated as a "Protected Document" or "Protected Testimony" pursuant to this Order in questioning an expert or witness who refuses to sign and is not compelled by the Court to maintain confidentiality.

6. If a person, expert or other "Qualified Person" refuses to acknowledge and be bound by this Order during the course of a deposition, the deposition may be adjourned so that the party seeking confidentiality may move for an order compelling the witness to comply with this Order within fourteen (14) days following the refusal to agree to this Order. The time for filing such a motion, when the refusal is during a deposition, is controlled by this paragraph.

7. Every "Protected Document" copied for production (including excerpts, digests, summaries or indices thereof) shall be clearly marked as follows:

**PROTECTED DOCUMENT - CONFIDENTIAL**

James Lee Vann, Jr. v. Chiappa Firearms USA, LTD. et al.,

Case No. 7:25-cv-00079-WLS

and shall remain at all times under the custody of counsel for the party or parties obtaining such documents, or other such "Qualified Persons" as defined in paragraph 4 above.

8. "Protected Testimony" shall be so designated and shall remain at all times under the custody of counsel for the party or parties obtaining such testimony, or other such "Qualified Persons" as defined in paragraph 4 above. Notwithstanding a failure to designate testimony as "Protected Testimony" at the time the testimony is elicited, if within thirty (30) days of the entry

4

of this stipulated order, or within thirty (30) days of the receipt of a transcript by counsel for the deponent, whichever is later, testimony is designated as "Protected Testimony" by page and line designations, such testimony shall be subject to this Order and failure to so designate at the time the testimony is elicited does not constitute a waiver of such protection.

9. If a party contends in good faith that any document or testimony has been erroneously designated as a "Protected Document" or "Protected Testimony" and subject to this Order, such party and any "Qualified Persons" shall nevertheless treat the document as a "Protected Document" and the testimony as "Protected Testimony" unless and until such persons either: (a) obtain the document producing party's written permission to do otherwise, or (b) after first meeting and conferring with counsel for the document producing party, obtains an order from the Court finding that the document or testimony is not subject to protection. Notwithstanding the actual party that seeks the Court's intervention as to the application of this Order to a particular document or testimony, it remains the document producing or testifying party's burden of proof to establish that such designated document or testimony is subject to this Order and protection from public disclosure under applicable law.

10. "Protected Documents," the material contained therein and "Protected Testimony" shall not be used or shown, disseminated, copied or in any way communicated to anyone for any purpose whatsoever other than to "Qualified Persons," as defined above. Except as provided for in paragraph 4 above, plaintiff, defendant and "Qualified Persons" shall keep all "Protected Documents," the material contained therein and "Protected Testimony" confidential from all persons.

11. Before being given access to any "Protected Document" or "Protected Testimony," each "Qualified Person" to whom plaintiff or defendant and/or anyone acting on their behalf

including, but not limited to, their attorneys, agents and/or representatives intend to deliver, exhibit, disclose or otherwise communicate and/or disseminate any "Protected Document," material contained therein or "Protected Testimony" in any form whatsoever, such "Qualified Person" shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree, in writing, to be bound by its terms by execution of the Affidavit attached hereto as Exhibit "A." All counsel shall maintain lists of all "Qualified Persons" to whom any "Protected Document," material contained therein or "Protected Testimony" is provided, specifying the "Protected Document," material or "Protected Testimony" provided to the "Qualified Person" and the lists shall be available for inspection by the Court at any time and a copy of this list shall be delivered to the document producing party when the documents are returned pursuant to paragraph 17, *infra*. A separate consulting expert list may be maintained to protect against disclosure of consulting expert identities.

12. Counsel for a requesting or receiving party shall keep records of all copies of each "Protected Document" or "Protected Testimony" made and/or distributed, in whole or in part, or any summaries or excerpts thereof to "Qualified Persons." Any copies so distributed shall be returned to the respective counsel within thirty (30) days of completion of the "Qualified Person's" retention in this case.

13. To the extent that any "Protected Document," or information obtained there from, is used in the taking of depositions, all such "Protected Documents" and information shall remain subject to the provisions of this Order. At the time any "Protected Document" is used in any deposition, the reporter shall be informed of this Order and shall be required to operate in a manner consistent with this Order, and the reporter shall label the transcript "Protected Testimony." Any "Protected Documents" marked as exhibits shall be kept in a separate sealed envelope, with the

6

envelope appropriately marked that the contents are subject to Protection pursuant to paragraph 7, *supra*. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are confidential subject to this Order in substantially the same form as follows below:

> **This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof displayed, or revealed except by order of the Court, or pursuant to written stipulation of the parties.**

14. All documents that are filed with the Court that contain any portion of any "Protected Document" or information taken from any "Protected Document" (in summary form or otherwise) or "Protected Testimony" shall be filed under seal pursuant to the Local Rules of the Middle District of Georgia (the "Local Rules") and in accordance with Federal Rule of Civil Procedure 5.2. Any party seeking to maintain a "Protected Document" or "Protected Testimony" under seal must follow the Local Rules. No material designated as "Protected Document" or "Protected Testimony" may be filed in the public record absent a Court order. Any party seeking to file such material must first file a motion for leave of court to file under seal.

15. No requesting or receiving party or "Qualified Person" who receives copies of any "Protected Documents" or "Protected Testimony" or any part, portion, summary or excerpt thereof produced in accordance with this Order, is authorized to disseminate, communicate or distribute in any manner, all or any part of the "Protected Document" or "Protected Testimony" to any other person, firm, corporation or organization, without the prior written consent of document or testimony producing party, or upon order of this Court.

16. All documents, information, or other data produced which are the subject of this Order, shall be used solely for the purposes of this litigation (including any mediation or arbitration) and not for any other purpose, including any educational purpose, business purpose or

any other litigation, mediation or arbitration. No party or person subject to this Order may use, reference, or seek to use or reference any material designated as "Protected Document" or "Protected Testimony" under this Order in any other litigation, investigation, government inquiry, or proceeding of any kind, unless and until (a) the producing party provides express written consent, or (b) the Court, upon motion and for good cause shown, orders otherwise after notice to the producing party and an opportunity to be heard. The burden of establishing good cause for any such use shall rest solely with the party seeking to use the materials.

17. Within thirty (30) days from and after the conclusion of this litigation, including any appeals, either: (a) by compromise settlement, (b) by stipulated dismissal, or (c) by entry of judgment, whichever shall occur first, all "Protected Documents," "Protected Testimony" or other materials subject to this Order shall be retrieved by the party who sought their production. All "Protected Documents" and "Protected Testimony" provided by the producing party must be returned or destroyed within thirty (30) days of retrieval of the "Protected Documents" and/or "Protected Testimony." Any party choosing to destroy confidential materials, must provide to the producing party a sworn affidavit attesting to the destruction of all documents, digests, summaries, analyzes, etc. Certification of destruction or return must be provided to the producing party within thirty (30) days of final disposition.

18. No requesting or receiving party, their counsel or experts, shall under any circumstances sell, offer for sale, advertise, communicate, disseminate or otherwise publicize either the contents of "Protected Documents" or "Protected Testimony," or the fact that the requesting or receiving party has obtained confidential and/or privileged documents or testimony from a party to this litigation.

8

19. This Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, representatives, assigns, subsidiaries, divisions, employees, agents, retained experts, and the persons or organizations over which they have control.

20. After termination of this litigation, including any appeals, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. The parties and all persons agreeing to abide by the provisions of this Order agree that this Court retains jurisdiction after termination of the action for the limited purpose of enforcing the provisions of this Order and violation of the provisions of this Order are subject to contempt of court or other appropriate sanctions.

21. If any person or entity receives a subpoena, court order, or other request seeking production of materials designated as "Protected Document" or "Protected Testimony" under this Order, that person or entity shall provide immediate written notice to the producing party and shall not produce such materials unless and until the producing party has had a reasonable opportunity to object or seek a protective order from this Court.

22. If a party inadvertently produces "Protected Documents" or "Protected Testimony" not designated as such in this litigation, it may re-designate such information by giving written notice to all parties that the production of such information without having been designated as "Protected Documents" or "Protected Testimony" was inadvertent. Upon receipt of such notice, all parties in possession of such information must stamp all such information as provided above in paragraph 7, *supra*, or return such documents to the producing party for such stamping. Any such inadvertent production in this case shall also be governed by the parties FRE 502(d) stipulation.

23. Neither the taking nor the failure to take any action to enforce the provisions of this Order, nor the failure to object to any such action or omission, shall constitute a waiver of any claim or defense at trial or that any document or communication is a "Protected Document" or "Protected Testimony" or subject to any other privileges or is inadmissible for any other reason. Nothing in this Order shall be construed as a waiver of any party's right to object to any discovery request, or to assert any applicable privilege or immunity, or to seek further protection from the Court.

24. The parties agree that should any dispute arise over the terms of this agreement, the Court shall decide such dispute, provided this Court can exercise jurisdiction over the person(s) involved in said dispute.

DATED this 22nd day of September, 2025.

_W. Louis Sands_
Hon.