**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

JAMES LEE VANN, JR.,           :

                          :

                          :

       Plaintiff,            :

v.                          :       CASE NO.: 7:25-CV-00079 (WLS)

                          :

CHIAPPA FIREARMS USA, LTD, *et al.*, :

                          :

       Defendants.        :

                          :

## <u>Order Granting Motion to Extend Discovery</u>

Parties jointly move to extend discovery (Doc. 33). Parties state they have engaged in substantial discovery, including the exchange of written discovery, collection of Plaintiff's medical records, inspection and CT imaging of the subject firearm and ammunition, depositions, and production of a preliminary expert report. (*Id.* at 2). Parties explain they need to conduct further testing and expert opinions in response to information learned at a recent deposition. (*Id.*) However, Parties have outstanding depositions scheduled for this case which cannot be completed before fact discovery expires. (*Id.* ¶ 4). Parties request a seventy-five-day extension of certain remaining deadlines (*Id.* at 4).

For good cause shown, the Motion to Extend Discovery (Doc. 33) is **GRANTED**. The Parties are noticed that future extensions will not be granted unless based upon grounds not reasonably foreseeable or avoidable to the moving Party or Parties. Hence the deadlines that have not already elapsed in the initial Scheduling and Discovery Order (Doc. 11) are **EXTENDED** such that:

- Fact discovery must be completed by **Friday, October 23, 2026**, unless extended by the Court for good cause shown upon timely written motion by either party. The Court notes that extension will be freely granted if there is a showing of good cause upon due diligence.

- All dispositive motions must be filed no later than **Monday, November 23, 2026**. In the event that discovery is extended, all dispositive motions must be filed no later than **thirty (30) days** after the close of discovery. Responses to dispositive motions must be filed no later than **Monday, December 14, 2026**. However, in the event that

1

discovery is extended, all responses to dispositive motions must be filed no later than **twenty-one (21) days** after the dispositive motion is filed.

- Parties must serve upon other parties disclosures relating to expert witnesses, as required by Rule Rule 26(a)(2)(A)-(B) of the Federal Rules of Civil Procedure: Liability Expert for Plaintiff's case-in-chief by **Thursday, June 25, 2026**, and Liability Expert for Defendants' case-in-chief by **Tuesday, July 28, 2026**.

- Any motion challenging the qualification(s) of any expert witness to offer opinion testimony, raised under *Daubert* or Rules 104(a), 702, and 703 of the Federal Rules of Evidence, must be filed no later than:[1]

  - **Monday, November 23, 2026**, if the motion is filed by a party in connection with the party's dispositive motion. However, in the event discovery is extended, all such motions must be filed no later than **thirty (30) days** after the close of discovery;

  - **Monday, December 14, 2026**, if the motion is made by a party in response to a dispositive motion. However, in the event discovery is extended, the motion must be filed no later than **twenty-one (21) days** after the dispositive motion deadline; or

  - **fourteen (14) days after notice of the pretrial conference order is entered**, if the motion relates to a trial witness or issue and if necessary, the motion will be heard at the pretrial conference.

Based on these extended dates, the case should be ready for trial to begin *tentatively*[2] on **Monday, February 1, 2027**, in the Valdosta Division of this Court, or as otherwise ordered. Still, as the Court explained at the initial discovery conference, the actual trial date will be known only when the Parties receive the Notice of Pretrial Conference, which might state the proposed trial date in this Order or an earlier or later trial date.

   **SO ORDERED**, this 8th day of May 2026.

   **/s/ W. Louis Sands**
   **W. LOUIS SANDS, SR. JUDGE**
   **UNITED STATESDISTRICT COURT**

---

[1] *Daubert* motions must be filed as a separate motion and cannot be included or incorporated directly in a dispositive motion or a response to a dispositive motion.

[2] The actual trial date will be known when the Parties receive the Notice of Pretrial Conference and when Parties submit a proposed pretrial order, which might state the proposed trial date listed herein or an earlier or later trial date.